UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD T. ENGLEHARDT, | ) |
| | ) |
| Relator, | ) |
| | ) |
| vs. | ) 10 C 1424 |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendant Costco Wholesale Corporation ("Costco") to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied.

### BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion,[1] Relator Edward Englehardt ("Englehardt") is a resident of Waukegan, Illinois. Englehardt alleges that Costco marked its premium Kirkland Signature® ("Kirkland") brand diapers with two expired United States Patent Numbers. Specifically, Englehardt avers that Costco marked packages containing its Kirkland

---

[1] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

diapers with patent number 4,798, 603, expired since October 16, 2007, and number 5,147,343, expired since September 15, 2009 ("the Expired Patents"). Englehardt asserts that Costco marked the Kirkland diapers with the Expired Patents despite knowing that they had expired and did so with the intent to deceive the public.

On March 3, 2010, Englehardt filed this *qui tam* action on behalf of the United States alleging that Costco made a false patent marking in violation of 35 U.S.C. § 292. That statute provides that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' . . . for the purpose of deceiving the public" will be fined up to $500 for each offense. 35 U.S.C. § 292(a). Costco now moves to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).[2]

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff,

---

[2] The Federal Circuit has recently indicated that false marking claims filed pursuant to 35 U.S.C. § 292 are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010). Accordingly, we will assess the sufficiency of Englehardt's claim under the Rule 9(b) rubric.

and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained with a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

Rule 9(b) creates exceptions to the federal regime of notice pleading and specifies that, for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In other words, the complaint must allege "the who, what, when, where, and how: the first paragraph of a newspaper story." *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007). Not every aspect of the fraud claim must be plead with particularity, however: "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P.9(b).

## DISCUSSION

Costco contends that Englehardt's claim should be dismissed because his pleadings do not meet the heightened criteria supplied by Fed. R. Civ. P. 9(b). To state

a claim for false patent marking, the plaintiff must allege that the defendant falsely marked an unpatented article as being patented and did so with the intent to deceive the public. *See* 35 U.S.C. § 292(a); *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).

Englehardt's allegations related to the context of the alleged false patent marking provide the particularity required by Fed. R. Civ. P. 9(b). Specifically, Englehardt alleged that Costco falsely marked Kirkland diaper product packages with the Expired Patents identified in their complaint and have marketed and are marketing the falsely marked products in the Northern District of Illinois. These allegations survive dismissal under Rule 9(b) because they identify the entity responsible for the alleged fraud, the conduct through which the fraud was accomplished (i.e., a false patent marking), the item falsely marked, and also provide a temporal and geographical frame of reference for the conduct at issue. *See Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469-70 (7th Cir. 1999) (plaintiff required to plead who, what, where, and when of alleged fraud under Rule 9(b)).

We also find that Englehardt's allegations regarding Costco's intent to deceive the public are sufficient to survive dismissal. A plaintiff may create a rebuttable presumption of intent to deceive the public by showing "the combination of a false statement and knowledge that the statement was false[.]" *Pequignot v. Solo Cup Co.*,

608 F.3d 1356, 1362-63 (Fed. Cir. 2010). In his complaint, Englehardt asserts that Costco marked its Kirkland diaper products with the Expired Patents that did not cover the items within the packaging. The complaint also contains a number of facts from which the court could reasonably infer that Costco had knowledge that its Kirkland diapers were no longer covered by the patents at issue at the time of marking. Specifically, Englehardt alleges that (i) Costco has experienced in-house counsel, retained outside intellectual property legal counsel, an internal compliance officer, and a long history of patent litigation; (ii) Costco has publicly affirmed its commitment to investing in protecting its intellectual property of its Kirkland brand products. Considering the allegations in the light most favorable to Englehardt and making all reasonable inferences in his favor, we conclude that his allegations are sufficient to pass muster under Fed. R. Civ. P. 9(b).[3]

---

[3] Costco argues that Englehardt's complaint cannot survive dismissal at the pleading stage unless the pleading contains enough factual allegations such that the single most reasonable inference able to be drawn is that Costco acted with the intent to deceive. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009). In support of this argument, Costco cites to a portion of the Federal Circuit's opinion in *Exergen* that distinguished between the more stringent standard to *prove* inequitable conduct by clear and convincing evidence ("the single most reasonable inference" standard referenced above) from the more lenient standards that prevail at the pleading stage. We decline Costco's invitation to apply the standards for proving inequitable conduct to assess whether a false patent marking claim has been sufficiently plead to state a plausible claim for relief.

## CONCLUSION

Costco's motion to dismiss is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  November 22, 2010